UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
        Plaintiff,

    v.                        CIVIL ACTION NO. 11-12288-RWZ

I.C.E. AGENT ANTHONY CRUTCHFIELD,
ET AL.,
        Defendants.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

On or about December 21, 2011, Plaintiff Jason Shola Akande ("Akande"), a frequent filer and an immigration detainee at the Suffolk County House of Correction ("SCHC") in Boston, Massachusetts, filed a self-prepared civil rights Complaint (along with various exhibits) against Anthony Crutchfield, an agent for the Immigration and Customs Enforcement Department ("ICE") at SCHC, the Director of the Massachusetts Branch of ICE, the Warden of SCHC, and the Warden of Wyatt Federal Prison in Central Falls, Rhode Island ("Wyatt").

Akande alleges that, although he has an attorney to represent him in connection with his appellate and Supreme Court cases, he is proceeding *pro se* with respect to his court cases challenging his criminal conviction by the State of Connecticut.[1]  He

---

[1]In October 2009, Akande was criminally charged with, *inter alia*, conspiracy to make a false statement in a passport application in the United States District Court in Hartford, Connecticut, and was found guilty after a jury trial.  Akande appealed his convictions with the United States Court of Appeals for the Second Circuit; that appeal is pending.  Akande has filed a number of civil actions challenging his conviction based on alleged due process violations.  See, e.g., Akande v. State of Connecticut, C.A. 11-12112-GAO; Akande v. United States Marshal Service, 3:11-cv-01125-RNC (United Stated District Court for the District of Connecticut); Akande v. Baldwin, C.A. 11-11291-JGD; Akande v. Cabral, C.A. 11-11063-WGY.  He also has filed a number of cases challenging his immigration removal proceedings as a result of his alleged fraudulent

contends that he was falsely arrested, imprisoned, convicted based on forged documentary evidence, and prosecutorial and law enforcement misconduct due to "planted bribed jurors."  Compl. at 2, ¶ 5.  He argues his criminal case was a "Big-Time Scam." Id.  Akande further contends that because he is proceeding *pro se* in those cases, he needs to have his legal documents in order to prove the alleged fraud, forgeries, and misconduct.  He claims that his proof of this is located inside his boxes of legal documents, and contends that the Defendants (along with non-Defendants U.S. Marshal Officers and unnamed Suffolk County Prison Staff) conspired to deny him access to his boxes of legal documents in order to "cover-up" and protect the interest of their governmental colleagues.

Specifically, Akande contends that in May or June, 2010, a stack of legal materials was stored inside big brown envelopes and mailed to him, but he never received those materials.  He filed a grievance at SCHC, but contends that ICE "deliberately refused to reply" to his grievance; however, the SCHC grievance coordinator did reply, advising Akande that ICE had the legal mail he was seeking, and suggested Akande contact ICE to retrieve this legal mail.  Akande did contact ICE agents numerous times, but contends these agents have deliberately refused to give him his legal materials.

Akande further contends that in February, 2011, ICE agents, Wyatt officers, and U.S. Marshals illegally took all of his legal documents (about 9 Fed-Ex boxes) and mailed them to his contact home address without his knowledge or permission, despite knowing that Akande was *pro se* and needed those documents for his on-going cases.  Thereafter, on March 3, 2011, an SCHC case worker called Wyatt to request Akande's

conviction.

legal documents be sent to him at SCHC as soon as possible. The response was that his boxes of legal documents had been mailed to Akande's address in Connecticut. Akande contends this was done despite the fact that both Wyatt and ICE knew that he was detained at SCHC.

Akande claims that Fed-Ex delivered only one box to his home address, but it contained no legal documents, only a Wyatt prison uniform. He filed a grievance, and contends that Deputy Warden Timothy E. Tapley ("Tapley") sent him a letter, but lied in the letter by stating that Wyatt was not aware of Akande's transfer to ICE custody. As support of his contention that this was untruthful, Akande points to a March 10th complaint letter sent to Wyatt which had his SCHC address, in addition to the couple of phone calls made by an SCHC case worker to Wyatt a few weeks prior to Tapley's letter. Akande alleges that Tapley and ICE knew that he was in custody at SCHC but intentionally chose to send his boxes of legal documents to a location far beyond his reach. He contends the motivation behind this was a government cover-up.[2]

On April 7, 2011, Akande's boxes were sent by Wyatt and ICE via Fed-Ex to his home in Connecticut. He claims that Wyatt and ICE have policies allowing a discharged inmate to pick up his own property from Wyatt/ICE within 30 days of release, otherwise the property would be destroyed. He claims Wyatt and ICE do not normally Fed-Ex released inmate properties to their contact home address, and especially not with two weeks after release. He further claims that Wyatt and ICE did not allow him the opportunity to pick up his property (legal documents), as part of the plan to deny him

_____

[2]Akande identifies Tapley as a Defendant in this action in the body of the Complaint, see paragraph 12; however, he is not listed in the Complaint in the "Parties" section identifying the Defendants, or in the caption of the Complaint.

access to legal documents. He also argues that Wyatt's sending of the wrong item (the Wyatt prison uniform) to his home evidences the cover-up, particularly where the uniform belongs to Wyatt and not to the inmate.

Also on April 7, 2011, Akande's attorney, Tina Schneider, sent a letter to SCHC/ICE and the U.S. Marshal Service asking them to give him all of his legal documents so that he could meet a briefing deadline in the United States Court of Appeals. He did not receive his legal documents and therefore missed that deadline. He sought an extension from the Court, but his request was denied.

In June, 2011, Akande's family mailed his boxes of legal documents to him at SCHC (using the same Fed-Ex boxes); however, Defendant Anthony Crutchfield sent all the boxes back to his family without giving Akande any access to them. Akande filed a grievance and was informed that ICE refused to accept the boxes because they were too large. He points out that his family used the same boxes as Wyatt and ICE in sending the materials to him in the first place. Thereafter, the boxes of documents were sent to Attorney Schneider. On August 1, 2011, Attorney Schneider sent a letter to SCHC advising, as a "heads-up," that she was planning to send Akande those boxes, asking SCHC to contact her if this posed a problem. All the boxes were delivered to SCHC by Fed-Ex, but again the Defendants refused to hand them over to Akande. To date, Akande has been unable to have access to these boxes of legal documents. He claims that as a result, he lost some of his criminal, civil immigration, and appellate court cases and motions. Akande claims that because the damage has already been done, he the Defendants have obstructed justice; he seeks $2 million for each day he remains imprisoned.

Along with the Complaint, Akande filed a Motion for Leave to Proceed *in forma*

*pauperis* (Docket No. 2) and a Motion to Appoint Counsel (Docket No. 3).

DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

Akande failed to submit a financial affidavit in support of his *in forma pauperis* request; however, this Court notes that other judges and the Court of Appeals have recently granted him *in forma pauperis* status, and his financial situation has not changed.[3]  Therefore, this Court will <u>ALLOW</u> Akande's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

II.   Screening of the Complaint

Because Akande is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

For purposes of preliminary screening, the Court liberally construes the Complaint because Akande is proceeding *pro se.*[4]  <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972);  <u>Instituto de Educacion Universal Corp. v. U.S. Dep't. of Educ.</u>, 209 F.3d 18, 23 (1st Cir. 2000).

---

[3]Because Akande is not a "prisoner" as defined by 28 U.S.C. § 1915(h) the filing fee obligations pursuant to the Prison Litigation Reform Act do not apply.

[4]For purposes of preliminary screening, this Court construes this action as raising claims under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) against ICE agent Anthony Crutchfield and the ICE Director, and civil rights claims under 42 U.S.C. § 1983 with respect to Wyatt and the Warden of SCHC.

III.    Issuance of Summonses and Service of Process by the United States Marshal
        Service

Although Akande's Complaint is not pristine, there is sufficient notice of his

conspiracy claims in accordance with Rule 8 of the Federal Rules of Civil Procedure

with respect to the Defendants identified in the caption of the case and in the "Parties"

section.[5]  Accordingly, this Court will permit this action to proceed at this time as to

those Defendants; however, Akande has not identified Tapley or the U.S. Marshal

Service as Defendants, and the reference to them as Defendants in the body of the

Complaint is insufficient.  Therefore, this Court will not permit this action to proceed

against Tapley or the U.S. Marshal Service.[6]

IV.    The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent

any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).   However, a civil plaintiff

lacks a constitutional right to free counsel.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st

Cir. 1991).   In order to qualify for appointment of counsel, a party must be indigent and

exceptional circumstances must exist such that denial of counsel will result in

fundamental unfairness impinging on the party's due process rights.  Id.  To determine

_____

[5]The question of the personal jurisdiction over the Warden of Wyatt Federal
Prison in Central Falls, Rhode Island is a matter that may be addressed by the
Defendant if appropriate.  Additionally, although the factual basis for direct liability of the
Warden of SCHC and Wyatt (as opposed to liability based on their supervisory roles) is
not clearly set forth, the Court will permit the action to proceed at this time.  The
Defendants may file a Motion for a More Definite Statement under Fed. R. Civ. P. 12(e)
or other motion if necessary.

[6]Additionally, to the extent that Akande is seeking to hold the U.S. Marshal
Service liable under Bivens, there is no plausible claim upon which relief may be
granted because there is no *respondeat superior* liability under Bivens.  See Estate of
Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (no *respondeat
superior* liability under Bivens).

whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  Id. at 24.

At this juncture, this Court cannot find that this action is complex or involves novel issues of fact or law.  This Court also cannot find that there are exceptional circumstances justifying appointment of *pro bono* counsel, particularly where the merits of Akande's claims are questionable.  Of significance in this determination is the exhibit attached to the Complaint indicating that Wyatt was not aware that Akande was being transferred to ICE custody, and did not have a proper forwarding address for him.  Thus, the state of the Defendants' knowledge of his whereabouts appears to be a matter in dispute.  It is also unclear whether the mailing of the boxes of materials by Akande's family comported with the facility's mailing restrictions.  Further, Akande's allegations of a cover-up by Massachusetts and Rhode Island Defendants based solely on the misdirecting of his boxes of legal materials lacks a sufficient nexus to the Connecticut prosecutors or law enforcement who are alleged to have fabricated evidence against him and bribed jurors in 2009.  He has provided no facts from which a reasonable inference could be made that the Defendants knew of the basis for his challenges to his conviction in Connecticut or took action as a result.  In light of this, appointment of *pro bono* counsel is premature.  Absent a response from the Defendants, this Court cannot adequately gauge the merits of Akande's claims for purposes of considering appointment of *pro bono* counsel.  At this time, the use of scarce *pro bono* resources is not warranted.

Accordingly, for the reasons set forth above, Akande's Motion for Appointment of

Counsel (Docket No. 3) will be <u>DENIED</u> without prejudice to renew after the Defendants have filed a responsive pleading and upon good cause shown in light of the response.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No.2 ) is <u>ALLOWED</u>;

2. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is <u>DENIED</u>;

3. The Clerk shall issue summonses as to Anthony Crutchfield, the Director of the Massachusetts Branch of ICE, the Warden of SCHC, and the Warden of Wyatt Federal Prison in Central Falls, Rhode Island; and

4. The Clerk shall send the summons(es), Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), complaint, and this Order upon the Defendant, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: January 3, 2012