UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
    Plaintiff,

v.      CIVIL ACTION NO. 11-12288-RWZ

I.C.E. AGENT ANTHONY CRUTCHFIELD,
ET AL.,
    Defendants.

## MEMORANDUM AND ORDER

ZOBEL, D.J.

## BACKGROUND

On or about December 21, 2011, Plaintiff Jason Shola Akande ("Akande"), an immigration detainee at the Suffolk County House of Correction ("SCHC"), filed a civil rights Complaint against Anthony Crutchfield, an agent for the Immigration and Customs Enforcement Department ("ICE") at SCHC, the Director of the Massachusetts Branch of ICE, the Warden of SCHC, and the Warden of Wyatt Federal Prison in Central Falls, Rhode Island ("Wyatt"). Akande claims the Defendants are thwarting his ability to challenge his criminal conviction (based on alleged prosecutorial and law enforcement misconduct), by wrongfully withholding his legal documents needed to pursue his challenge. Akande further alleges the Defendants conspired to deny him access to his boxes of legal documents in order to "cover-up" and protect the interest of their governmental colleagues.

On January 3, 2012, this Court issued a Memorandum and Order (Docket No. 5) permitting this action to proceed against some Defendants, and declining to construe the Complaint as asserting claims against others referenced in the Complaint. Additionally, this Court denied Akande's motion appoint counsel without prejudice to renew <u>after</u> the Defendants have filed a response to the Complaint. In denying the

motion, this Court considered that the merits of this case were dubious.

On January 3, 2012, summonses issued along with the standard USM 285 forms in the event that Akande elected to have the United States Marshal Service ("USMS") serve process on the Defendants. Thereafter, Akande provided the USMS with completed USM 285 forms; however, they were filled out incorrectly. Instead of listing the address at which the Defendant(s) could be served, Akande listed his own address. As a result, the USMS was unable to effect service.

Subsequently, on January 19, 2012, Akande filed a Motion to Amend Complaint (Docket No. 9) to add claims. He also filed a Motion for Reconsideration of the Order on his Motion to Appoint Counsel (Docket No. 10).

## DISCUSSION

I.  The Motion to Amend Complaint

Since service of process has not been made at this time, nor any responsive pleading filed, Akande may amend his Complaint once as of right. See Fed. R. Civ. P. 15(a)(1). Thus, his Motion to Amend Complaint is ALLOWED on that basis. Nevertheless, this Court has reviewed the Amended Complaint to determine whether additional summonses should issue with respect to the Amended Complaint, but finds that this case may not proceed further based on the Amended Complaint.

First, Akande's Amended Complaint fails to set forth coherent claims; it materially fails to set forth claims in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[1] From what can be gleaned, Akande alleges that ICE

---

[1] Fed. R. Civ. P. 8(a) provides in relevant part that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 WL 3342031, at *5 (D. Mass. Aug. 20,

2

agents and agents of the USMS were "part of the prosecution team" that allegedly used fabricated and forged documentary evidence against him at his criminal trial, and planted bribed jurors on the jury.  Additionally, Akande alleges, in a very general fashion, that Defendant Crutchfield listens in on his legal phone calls, which are privileged.  He claims that as a result, the USMS arrested and charged Akande with probation violations.  He asserts that this is evidence of the fact that Defendant Crutchfield was aware of the "Jury Trial Scam" in Connecticut and that these parties are actively participating in the on-going "Government Cover-Up."  Am. Compl. at ¶ 2.

Next, Akande alleges, again in a general fashion, that unidentified prison staff regularly opened and read his legal mail before giving it to him.  He also claims that the mail room staff "impersonated" U.S. Postal agents.  Id. at ¶ 3.  He asserts that this also evidences that the Defendants knew about the "Jury Trial Scam" and were actively participating in the on-going cover-up.

Further, Akande again asserts that the Wyatt Deputy Warden (whom he now identifies as Timothy E. Tapley) lied in a letter to him regarding his lack of knowledge of

2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L.Ed. 2d 1 (2002) (quotations and citations omitted)).  In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., No. 11-40126-FDS, 2011 WL 2681195, at *2, (D. Mass. July 6, 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119,123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted).  While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (internal quotation omitted).

his whereabouts in order to deliver his legal documents.

This Court considers that most of Akande's allegations in the Amended Complaint do not present new claims upon which relief may be granted; rather, it simply points to problems with his legal mail and legal phone calls as evidence of the alleged conspiracy by the Defendants. To the extent that he seeks to assert separate causes of action based upon alleged misconduct concerning his legal mail and phone calls, he has not set forth his claims in a manner that would permit the (unidentified) Defendants (or Defendant Crutchfield or Warden Tapley) an opportunity to file a meaningful response.

Further, to the extent that Akande seeks to assert claims against unidentified ICE agents and agents of the USMS for being "part of the prosecution team" that allegedly forged evidence and bribed jurors, such claims are barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [federal civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," The rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.").[2]

---

[2]Although Heck involved a civil rights action brought under 42 U.S.C. § 1983, suits brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) are treated in the same manner. See Pandey v. Freedman, 1995 WL 568490, at *1 (1st Cir. 1995) (unpublished) (citing Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995). See also Abella v. Rubino, 63 F.3d

In light of the above, this Court will not permit this action to proceed based on the Amended Complaint.  Accordingly, the Amended Complaint (Docket No. 9) is <u>STRICKEN</u>, and the original Complaint (Docket No. 1) shall remain the operative pleading in this action.

Akande is prohibited from filing any further Amended Complaints until after the Defendants have filed a response to the Complaint, and upon a Motion to Amend with good cause shown.  The Defendants shall have an opportunity to respond to any duly-filed motion.

II.     <u>The Clerk Shall Re-send USM 285 Forms To Plaintiff</u>

On January 3, 2012, the clerk sent a service package to Akande for completion should he elect to have the USMS serve process and advance the costs of service. The USMS has advised this Court that Akande filled out the USM 285 forms incorrectly (thus preventing proper service by the USMS).  The USMS has received sufficient copies of the original Complaint for service, but still requires submission of the USM 285 forms indicating the proper address of the Defendant to be served.

Accordingly, the clerk is directed to re-send blank USM 285 forms to Akande for completion.  Akande is reminded that, notwithstanding the Order directing the USMS to effect service, it remains his responsibility to provide all the necessary paperwork and information to the USMS for service.  Failure to do so may result in a dismissal of this action for lack of service.

III.    <u>The Motion for Appointment of Counsel</u>

Akande seeks reconsideration of the denial of his Motion for Appointment of Counsel on the ground that his Amended Complaint provides evidence of the alleged

---

1063 (11th Cir. 1995) (section 1983 law is generally applied to <u>Bivens</u> cases).

conspiracy to cover-up governmental misconduct. He also contends that he is incarcerated and unable to represent himself, particularly where the government has unlimited resources at their disposal.

This Court has considered Akande's arguments, but still finds that this case does not warrant the expenditure of scarce *pro bono* resources. Akande does not present circumstances that are unique; many incarcerated litigants lack legal skills and/or resources to prosecute their claims against the government. The fact that there is a disparity of resources (and thus an unlevel playing field) is a consideration, but is not dispositive of the matter. Of some significance is the fact that Akande has filed numerous cases in this Court and others, and thus is deemed to have at least some familiarity with legal proceedings and legal concepts. More importantly, however, this Court remains of the view that the merits of Akande's claims are doubtful. The amorphous allegations contained in the Amended Complaint do not alter this Court's view in any material manner. Therefore, in this Court's discretion, appointment of *pro bono* counsel would not be warranted.[3]

Accordingly, Akande's Motion for Reconsideration to Appoint Counsel (Docket No. 10) is <u>DENIED</u>.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion to Amend Complaint (Docket No. 9) is <u>ALLOWED</u> as of right, but is <u>STRICKEN</u> and the original Complaint (Docket No. 1) shall remain the

---

[3]This Court also is aware that Akande's removal may be effected in the foreseeable future, and thus he would be at a great disadvantage to prosecute his claims from abroad. Nevertheless, this Court's view of the uncertain merits of this case outweighs the problems presented by removal, and militates against appointment of *pro bono* counsel.

operative pleading in this action;

2. Plaintiff is PROHIBITED from filing any further Amended Complaints until after the Defendants have filed a response to the Complaint, and upon a Motion to Amend with good cause shown;

3. Plaintiff's Motion for Reconsideration of Appointment of Counsel (Docket No. 10) is DENIED; and

4. The Clerk shall re-send to Plaintiff the USM 285 forms so that he may provide the U.S. Marshal Service with the required information for effectuating service of process.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: January 26, 2012