UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
    Plaintiff,

v.                                         CIVIL ACTION NO. 11-12288-RWZ

I.C.E. AGENT ANTHONY CRUTCHFIELD,
ET AL.,
    Defendants.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

The background of this case is set forth in detail in this Court's prior Memorandum and Orders. See Docket Nos. 5 and 12. To reiterate briefly, Plaintiff Jason Shola Akande ("Akande"), an immigration detainee at the Suffolk County House of Correction ("SCHC") in Boston, Massachusetts,[1] filed a self-prepared civil rights Complaint against: (1) Anthony Crutchfield ("Crutchfield"), an agent for the Immigration and Customs Enforcement Department ("ICE") at SCHC; (2) the Director of the Massachusetts Branch of ICE; (3) the Warden of SCHC;[2] and (4) the Warden of Wyatt Federal Prison in Central Falls, Rhode Island (a/k/a Wyatt Detention Center ("Wyatt")). Akande alleges that he was thwarted in his attempt to challenge, *inter alia*, his criminal conviction in the United States District Court in Hartford, Connecticut. He based his

---

[1]Akande is subject to a final order of removal. ICE has attempted to remove him to Nigeria, but has been unable to do so because Akande will not cooperate with ICE's removal efforts. See Memorandum and Order for Dismissal (Docket No. 20) in Akande v. Cabral, et al., Civil Action No. 11-11913-NMG (dismissing claim under Zadvydas v. Davis, 533 U.S. 678 (2001) upon a finding that Akande remains in ICE custody solely due to his own efforts to thwart removal).

[2]There is no Warden of SCHC; however, this Court construes the Complaint to be asserting claims against Gerard Horgan, Superintendent/Special Sheriff of the SCHC ("Horgan"). See Memorandum and Order (Docket No. 5 at 6, n.5).

challenges on governmental misconduct in connection with his trial. To do this, he claims that he needed to have his legal documents. Defendants (along with non-defendants Deputy U.S. Marshals and unnamed Suffolk County Prison Staff) conspired to deny him access to his boxes of legal documents in order to "cover-up" and protect the interest of their governmental colleagues in Connecticut.

Akande alleges that in February, 2011, while he was lodged at Wyatt, ICE agents, Wyatt officers, and U.S. Marshals illegally took all of his legal documents (about nine (9) Fed-Ex boxes) and, on April 7, 2011, mailed them to his contact home address in Connecticut without his knowledge or permission, and despite knowing that he was then detained at SCHC, that he was proceeding *pro se,* and that he needed those documents for his on-going cases.

Further, plaintiff claims that Fed-Ex delivered only <u>one</u> box to his home address, and it contained no legal documents, only a Wyatt prison uniform. He filed a grievance, and claims that Wyatt Deputy Warden Timothy E. Tapley ("Tapley") sent him a letter stating that Wyatt was not aware of Akande's transfer to ICE custody.[3] In support of his contention that this letter was untruthful, Akande points to a letter sent to Wyatt which had his SCHC address, as well as a couple of phone calls by an SCHC case worker to Wyatt a few weeks prior to Tapley's letter. Thus, he concludes that Tapley and ICE knew that he was in custody at SCHC but intentionally chose to send his legal documents to a location far beyond his reach, as part of the governmental cover-up.

As further support, plaintiff cites Wyatt and ICE policies allowing a discharged

---

[3]Akande identifies Tapley as a defendant in this action in the body of the Complaint, <u>see</u> paragraph 12; however, he is not listed in the Complaint in the "Parties" section identifying the defendants, or in the caption of the Complaint.

inmate to pick up his own property from Wyatt/ICE within 30 days of release, in default whereof, the property will be destroyed. He states that Wyatt and ICE do not normally Fed-Ex a released inmate's property to his contact home address, and especially not within two weeks after release. Additionally, he argues that sending the wrong item (the Wyatt prison uniform) to his home in Connecticut is more evidence of the cover-up, particularly so because the uniform belongs to Wyatt and not to plaintiff.

On April 7, 2011, Akande's attorney in a separate action, Tina Schneider, sent a letter to SCHC/ICE and the U.S. Marshal Service requesting each to give plaintiff all of his legal documents so that he could meet a briefing deadline in the United States Court of Appeals for the Second Circuit. He did not receive his legal documents and therefore missed that deadline. He sought an extension from that Court, but his request was denied.

In June, 2011, Akande's family mailed his boxes of legal documents to him at SCHC (using the same Fed-Ex boxes); however, agent Crutchfield sent all the boxes back to his family without giving Akande access to them. He responded with a grievance and was informed that ICE refused to accept the boxes because they were too large. He points out that his family used the same boxes as had Wyatt and ICE in sending the materials to him in the first place. Thereafter, the boxes of documents were sent to Attorney Schneider. On August 1, 2011, Ms. Schneider sent a letter to SCHC advising, as a "heads-up," that she was planning to send those boxes to Akande and asking SCHC to contact her if this posed a problem. All the boxes were delivered to SCHC by Fed-Ex, but again the defendants refused to hand them over to Akande. He claims that as a result, he lost some of his criminal, civil, immigration, and appellate court cases and motions. He charges that the defendants have obstructed justice, and

3

he seeks $2 million for each day he remains imprisoned.

On January 3, 2012, this Court issued a Memorandum and Order (Docket No. 5) directing summonses to issue with respect to each defendant, but denying Akande's request for court-appointed counsel, expressing doubt as to the merits of his claims in that the defendants' knowledge of his whereabouts appeared to be a matter in dispute, and, because the claim of governmental cover-up (for prosecutorial misconduct in Connecticut in 2009) by Massachusetts and Rhode Island defendants --based solely on the misdirection of his boxes of legal materials -- was tenuous at best.

On January 9, 2012, Akande filed a Motion to Amend Complaint, to include additional claims and defendants (*i.e.*, agents of the United States Marshal Service) as "part of the prosecution team" that allegedly bribed jurors and fabricated and forged documentary evidence against him at his criminal trial. On January 26, 2012, this Court granted Akande's motion, but struck the proposed Amended Complaint for failure to plead plausible claims, and because the claims were barred by the favorable termination rule of Heck v. Humphrey, 512, U.S. 477, 486-87 (1994) and its progeny. See Docket No. 12. It further ordered that the original Complaint (Docket No. 1) remained the operative pleading in this action, and again denied a renewed request for appointed counsel.

On February 13, 2012, Wyatt Detention Center (not the Warden) filed a Motion to Dismiss for Failure to State a Claim (Docket No. 16), which was followed by that of Superintendent of SCHC Horgan (Docket No. 20), both of which plaintiff opposed.[4] On

---

[4]During the period from March 5, 2012 through April 5, 2012,Akande filed a number of letters and notices with this Court, see Docket Nos. 23, 24, 25, 27, 28, 31, 32, 34). He complained, *inter alia*, of illegally seized documents. He sought the issuance of subpoenas, and to supplement his notices. Apart from mailing Akande the dockets, no Court action was taken as those pleadings did not present claims in a

4

March 26, 2012, counsel for Gerard Horgan filed a Response (Docket No. 30) that addresses Akande's allegations of misconduct of counsel in his Opposition. On April 10, 2012, Akande moved for default judgment as to the Director of ICE and Anthony Crutchfield (Docket No. 36).

## DISCUSSION

I.  Defendant Superintendent Horgan's Motion to Dismiss (Docket No. 20)

At the outset, this Court notes that the docket indicates there are five defendants to this action, including the Warden of the SCHC and Superintendent Horgan. In order to clarify the record, this Court deems that Superintendent Horgan has been substituted for defendant Warden of the Suffolk County House of Correction. The Clerk shall correct the docket accordingly.

A.  Failure to State Plausible Claims

Next, Superintendent Horgan has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds, *inter alia*, that by asserting claims against the defendants collectively, and by failing to set forth any actions for which he could be held liable, Akande has failed to meet the minimum pleading requirements necessary to sustain a civil rights cause of action. Additionally, he argues that Akande's allegations show that the SCHC staff actually was attentive to his needs, citing to the reply from the grievance coordinator, a call placed by the prison case worker to Wyatt Detention Center on behalf of Akande, and a couple of follow-up calls placed by the case worker to the Wyatt Detention Center. Superintendent Horgan submits that Akande's claims are focused primarily on actions of Wyatt staff and ICE agents with respect to his legal materials,

---

proper fashion. This Court will take no action on these letter/requests/notices, and will not consider these documents as supplements to the original Complaint.

and, apart from an amorphous allegation of conspiracy, he sets forth no factual allegations that he or any SCHC employee participated in any wrongdoing, or that he was motivated by race or class-based animus.

  B. <u>Immunity Bars Akande's Claims</u>

In addition to the pleading deficiencies noted above, Superintendent Horgan argues that to the extent he is named in his official capacity as an employee of the Commonwealth of Massachusetts, he is immune from suit for monetary damages pursuant to Eleventh Amendment sovereign immunity.[5]

Next, to the extent he is sued in his individual capacity, Superintendent Horgan asserts he is entitled to qualified immunity.

Akande opposes dismissal of his claims on the grounds that he has been denied access to his legal materials and therefore cannot submit documentary evidence to support his position. He further claims that his case has been prejudiced by ICE and SCHC Legal Services.[6] He then makes unsupported claims that the defendants read his legal materials and removed and destroyed documents damaging to them. Additionally, Akande introduces unintelligible claims by making bald allegations that all the defendants have violated the attorney-client privilege, confidential correspondence

---

[5]Defendant cites to a number of cases in this Court holding the view that the Sheriff's Department is protected by the Eleventh Amendment's sovereign immunity. See, e.g., Jeffrey Gallo, et al. v. Essex County Sheriff's Department, 2011 WL 1155385, at *3; citing Adams v. Cousins, No. 06-40117-FDS-2009 WL 1873584, at *6 (D. Mass. 2009) (Essex County Sheriff) (Saylor, J.) (As a state agency, the Sheriff's Department is protected by the state's immunity from suit under the Eleventh Amendment, unless that immunity is waived.).

[6]Akande references Legal Services as a defendant, and makes assertions that Legal Services failed to comply with prison policy and regulations regarding his legal mail.

privileges, private investigators confidential correspondence privileges, Legislatures confidential correspondence privileges, the U.S. Department of Justice confidential correspondence privileges, and the Petitioner-News Media confidential correspondence privileges. He claims that these alleged violations have denied him access to the courts.

Finally, Akande contends that he has a right to unrestricted access to his friends and family by correspondence and by telephone, and that an SCHC mail supervisor did not hand his legal materials over to him as required. He seeks to add as defendants the SCHC mail room supervisor, the SCHC grievance coordinator, and the SCHC Legal Services Supervisor, and indicates that he intends to file a "corrected" Motion to Amend Complaint in order to assert these additional claims.

Without belaboring the matter, Akande has failed to state any plausible claims against 'Superintended Horgan. His assertions that because of the grievances filed, Superintendent Horgan "must have known about it" and did nothing to rectify the situation are insufficient.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)). "The factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. See Chiang v. Skeirik,

7

582 F.3d 238, 244 (1st Cir. 2009) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' citing Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009)) (other citations omitted).

Here, Akande's conspiracy claims of a government cover-up by Superintendent Horgan (in conjunction with Wyatt and ICE) are wholly speculative. Furthermore, the facts he alleges -- that caseworkers attempted to aid him in obtaining legal material -- belie the claim that the Superintendent should have known that he was required to take corrective measures.

As a separate basis for dismissal of Superintendent Horgan from this action, sovereign immunity bars Akande's claims for damages against him in his official capacity, and, with respect to claims against him in his individual capacity, Superintendent Horgan is entitled to qualified immunity.

Accordingly, Superintendent Horgan's Motion to Dismiss (Docket No. 20) is ALLOWED.

Finally, as noted above, Akande seeks to add several other SCHC employees as defendants in this action. He may not do so by way of his Opposition, and this Court DENIES such relief. Further for purposes of effective management of cases, and in order to avoid prejudice to any defendant, Akande is PROHIBITED from filing further claims, notices, or amendments to the original Complaint absent prior permission of this Court upon a duly-filed motion and good cause shown. Akande may not seek leave to amend the Complaint until after the ICE defendants have filed a response to the original Complaint.[7] Failure to comply with this directive may result in the imposition of

---

[7]The Court notes that on April 26, 2012, presumably because Akande was prohibited from filing any further Amended Complaints in this action, he filed a new action with this Court in which he seeks to file a "criminal complaint" against two

sanctions.

II.     Wyatt's Motion to Dismiss; Dismissal of Claims Against the Warden

As noted above, Wyatt Detention Center filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that the facts asserted by Akande do not state a plausible claim.  See Docket No. 16.  The motion was filed by the Wyatt Detention Center (the entity), which is not a party to this action.  Further, the motion does not address specifically the claims asserted against the Warden.

In light of this, the Motion to Dismiss (Docket No. 16) is DENIED as moot since Wyatt is not a party.[8]  Nevertheless, this motion has prompted this Court consideration of the allegations and arguments as they relate to the Warden.  Upon review of the entire record, it is clear that the asserted facts do not raise plausible claims above the speculative level that would entitle Akande to any relief.

Accordingly, this Court will DISMISS, *sua sponte*, all claims against Warden Wyatt.

Finally, as in his Opposition to Superintendent Horgan's Motion to Dismiss, Akande states in his Opposition to Wyatt's motion that he intends to file "corrections" to the Amended Complaint which this Court previously struck.  He submits that this new corrected version will add more claims against Wyatt and therefore this Court should not dismiss the case.  At this stage in the litigation, however, as a prudential matter, plaintiff shall not file any further amendments to add claims and parties.            Accordingly,

---

unknown ICE agents, based, *inter alia*, on the same allegations of obstruction of justice in the denial of his legal materials.  See Akande v. John Doe 1, et al., Civil Action No. 12-10742.

[8]Moreover, the Wyatt Detention Center is not a suable entity.  See Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832 (S.D.N.Y. 1994) (holding that a jail is not an entity that is amenable to suit).

Akande may not continue, *ad seriatim*, to assert claims by way of notices or supplements to the record unless he first receives permission of this Court to do so, upon a duly-filed motion filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules, and upon good cause shown.[9]

III.     The Motion for Default Judgment

In the motion for default judgment against the Director of ICE and ICE agent Crutchfield, plaintiff alleges that both the Director and Crutchfield were served by the United States Marshal Service ("USMS") in February, 2012, and their response was due in March. Defendants failure to file a response is, according to plaintiff, part of the defendants' pattern of [wrongful] behavior.

Akande's assertions do not accord with the record. First, with respect to Crutchfield, the Court record indicates that on February 6, 2012, the summons to Crutchfield was returned as unexecuted, with a notation that Crutchfield is not employed by the SCHC. See Return of Summons (Docket No. 15). Thereafter, Akande attempted to serve Crutchfield again by directing the USMS to the same address; but this time he included the Unit number of the ICE building and Crutchfield's supervisor's phone number. See Return of Service (Docket No. 26). That return of service was dated February 16, 2012; however, service on Crutchfield is not complete because service was not also made on the United States as required by Fed. R. Civ. P. 4(i)(3).

---

[9]This Court is cognizant of the fact that Akande attempted to challenge his removal by ICE by arguing that he should not be removed while he has civil litigation pending. Judge Gorton rejected that notion in dismissing his civil action challenging continued ICE detention. See Memorandum and Order for Dismissal (Docket No. 20) in Akande v. Cabral, et al., Civil Action No. 11-11913-NMG. Here, Akande may not assert additional claims as a means to challenge his removal; any request to assert additional claims must have a good faith basis.

In any event, even were this Court to consider that service was made in accordance with the Rule, Akande has jumped too far ahead by seeking a default judgment before a notice of default has entered (a precursor to obtaining a default judgment). Finally, the Rules give Crutchfield 60 days to respond. See Fed. R. Civ. P. 12(a)(3) (providing for 60 days to file an answer to a complaint, counterclaim or crossclaim). Thus, Crutchfield's response was not due until April 17, 2012, and the Motion for Default Judgment, filed on April 10, 2012, was premature.

Second, the Director of ICE was not served until April 6, 2012. See Return of Service (Docket No. 35). Thus, his response is not due until 60 days thereafter (*i.e.*, until June 5, 2012). Further, as with Crutchfield, Akande has failed to seek the entry of a notice of default before seeking a default judgment.

The Motion for Default Judgment (Docket No. 36) is DENIED as to both ICE defendants.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Superintendent Gerard Horgan is substituted for the Warden of SCHC;

2. Superintendent Gerard Horgan's Motion to Dismiss (Docket No. 20) is ALLOWED;

3. Wyatt Detention Center's Motion to Dismiss (Docket No. 16) is DENIED as moot because the Wyatt Detention Center is not a party to this action;

4. All claims against the Warden of Wyatt Detention Center are DISMISSED *sua sponte;*

5. Plaintiff's Motion for Default Judgment (Docket No. 36) is DENIED;

6. Plaintiff's request to include additional Defendants (Suffolk County House of Correction employees), contained in his Opposition, is DENIED;

7. Plaintiff is <u>PROHIBITED</u> from filing any further claims, notices, or amendments to the Complaint unless he first obtains Court permission to do so, upon a duly-filed motion filed in good faith and with good cause shown; and

8. Plaintiff is <u>PROHIBITED</u> from filing any motions for leave to amend the Complaint until <u>after</u> the ICE Defendants have filed a response to the original Complaint.

SO ORDERED.

                                                      /s/ Rya W. Zobel
                                                      RYA W. ZOBEL
                                                      UNITED STATES DISTRICT JUDGE

DATED: May 8, 2012